Pearson, J.
 

 It is a matter of public-policy, that writs and, all other process in the administration of law, should be executed by regularly appointed and known officers; so that there may be some guarantee of fitness for the place, and some degree of responsibility secured, and that by practice a familiarity with the duties of the office may be acquired; but more than all, that the authority of the office should be well known, and readily submitted to, by all with whom it may have to deal.
 

 The necessity arising out of sudden emergencies, induced the colonial Legislature, as early as Iff41, to make an exception to the general rule, and the provision of the statute then enacted, has been brought down to us by the several revisáis. “ For the better executing
 
 anyprecept
 
 or
 
 mandate
 
 in
 
 extraordinary oases,
 
 it shall and may be lawful for any justice of the peace to direct any such precept or mandate, in the absence of, or for the want of, a constable, to any person,” &c.
 

 This being an exception, of course the general rule must prevail ; and nothing comes within the exception, unless it fall within the cases intended to be provided for, and the mischief to be remedied.
 

 There is a marked distinction between process in civil and in criminal proceedings ; in'the one, there is danger that the party suspected may become a “ fugitive from justice;” hence a necessity for his immediate apprehension; the officer or person deputed to execute the precept or mandate, is required to arrest the party and have him
 
 forthwith
 
 before some committing magistrate, to be dealt with according to law; in
 
 *406
 
 the other, there is no such imminent cause for haste, and the writ or other process simply commands the officer to arrest the party and him safely keep, so as to have him at the next term of the Court; or to execute the process within thirty or ninety days (Sundays excepted). At common law the officer might, at his discretion, take bail or refuse to take it; and
 
 bail below
 
 was a bond payable to the officer. Here, we see at once, that in regard to the execution of writs and civil process, different considerations are involved, and objections to the action of any but regularly appointed and known officers present themselves other than such as apply to the execution of precepts or mandates for the arrest of persons charged with the commission of felonies and offences against the public. In regard to debtors who abscond, or otherwise conceal themselves, so that the ordinary process of the law cannot be served on them, the statute in reference to original attachments gives a remedy; and the idea that a common writ of
 
 fieri fa
 
 cias, which is to be executed within ninety days, is a
 
 precept
 
 or
 
 mandate
 
 in
 
 extraordinary oases
 
 within the meaning of the statute, cannot be entertained; there is no reason to presume that “the absence of, or want of a constable” to levy upon and hold possession of property until such time as it can be sold according to law, presented an exigency for which it was the intention of this statute to provide, any more than the absence or want of a sheriff in regard to writs and other process issuing from the Courts.
 

 Sheriffs and constables may make deputies -whenever the press of business requires it, and they are liable under the maxim
 
 respondeat superior
 
 for all defaults of their agents in civil proceedings. Why should creditoi’s and debtors be unnecessarily exposed to irresponsible persons appointed by a single justice of the peace ? No reason can be assigned for it, and in fact, such was not the intention of the statute.
 

 We have, therefore, come to a conclusion differing from that of his Honor : We think that the defendant had a right, and was bound, to levy upon the ice and shingles, &c., in the possession of the debtor Schoolfield, notwithstanding the pre
 
 *407
 
 tenee of claim set up by Ilanner, under his unauthorised deputation.
 

 Judgment of non-suit set aside, and judgment for the plaintiff according to the case agreed.
 

 Per Curiam.
 

 Judgment reversed.